

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 6 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PACIFIC ATLANTIC LINES, INC. | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. _____ |
| | ) | |
| v. | ) | **1:09-CV-0625** |
| | ) | |
| AMADU K. JAH, | ) | **TCB** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Pacific Atlantic Lines, Inc. ("Plaintiff") hereby brings this

Complaint against Amadu K. Jah ("Defendant") and shows the Court the

following:

### NATURE OF THE ACTION

1.

This is an action for trademark infringement, unfair competition, and false

advertising under section 43(a) of the Trademark Act of 1946, 15 U.S.C.

§ 1125(a); deceptive trade practices in violation of O.C.G.A. §§ 10-1-370 *et seq.*;

violation of state statutory and common laws regarding trademark infringement;

breach of fiduciary duty; accounting; tortious interference with contractual

relations; and defamation. Plaintiff seeks permanent injunctive relief and an award of damages, including but not limited to, compensatory, punitive and treble damages, as well as an award of its attorneys' fees and costs in this dispute against Defendant.

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff Pacific Atlantic Lines, Inc. is a corporation duly organized and existing under the laws of the State of New Jersey, having its principal place of business at 2629 Townsgate Road, Suite 225, Thousand Oaks, CA 91361.

3.

Defendant is an individual resident of the State of Georgia.

4.

Defendant may be served at his place of business at 15 Royal Drive, Suite A Forest Park, GA 30297

5.

This Court has subject matter jurisdiction over this matter, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, because this case arises under section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a), as hereinafter more fully appears. This Court has subject matter jurisdiction over Plaintiff's

claims arising out of Defendant's violations of the common law and statutes of the

State of Georgia pursuant to 28 U.S.C. § 1338, and pursuant to the supplemental

jurisdiction of the Court as described in 28 U.S.C. § 1367(a), in that those claims

are so related to Plaintiff's claims under the Trademark Act of 1946 that they form

part of the same case or controversy under Article III of the United States

Constitution.

6.

Defendant is subject to the personal jurisdiction of this Court because he is a

resident of the State of Georgia. Additionally, this cause of action arises out of

confusion that is occurring within the State of Georgia, in this judicial district.

Defendant is therefore subject to the jurisdiction of this Court.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

8.

Pacific Atlantic Lines, Inc. ("Pacific Atlantic Lines") incorporated in 2002

and has used the mark "Pacific Atlantic Lines" in commerce continuously since

that date to identify its international ocean shipping services as a non-vessel

3

operating common carrier. In addition, Pacific Atlantic Lines has prominently displayed its mark on its office and in its advertising.

9.

Pacific Atlantic Lines has expended significant amounts of money to advertise, publicize, and promote its services since at least 2002. As a result of those advertising and promotional efforts and the consistent high quality of Pacific Atlantic Lines' services, its mark has acquired and now enjoys a high degree of distinctiveness. This mark is recognized by Pacific Atlantic Lines' customers and other members of the public as identifying exclusively Pacific Atlantic Lines' shipping services. As such, Pacific Atlantic Lines' mark has developed a secondary meaning in the public mind.

10.

Pacific Atlantic Lines Georgia, Inc. ("Pacific Atlantic Lines Georgia") began as a subsidiary of Pacific Atlantic Lines, Inc. in 2003 with the authorization of Pacific Atlantic Lines and pursuant to a verbal agreement and a mutual understanding that Pacific Atlantic Lines Georgia would conduct business as a direct subsidiary of Pacific Atlantic Lines. Pacific Atlantic Lines Georgia has used the mark "Pacific Atlantic Lines Georgia" in commerce continuously since that date to identify itself as a subsidiary of Pacific Atlantic Lines.

4

11.

Pursuant to a de facto partnership by which Defendant would operate Pacific

Atlantic Lines Georgia, Defendant and Plaintiff agreed to split the profits derived

from Pacific Atlanta Lines Georgia. Plaintiff reimbursed Defendant, or paid

directly, for one hundred percent (100%) of the out-of-pocket expenses including

overhead incurred by Defendant during the operation of Pacific Atlantic Lines

Georgia until May 2008. After May 2008, Plaintiff and Defendant shared all

expenses.

12.

Defendant receives as his salary fifty percent (50%) of the profits of Pacific

Atlantic Lines Georgia. Defendant agreed that Plaintiff would receive the other

fifty percent (50%) of such profits.

13.

Plaintiff has invested millions of dollars into the operation of Pacific

Atlantic Lines Georgia. In addition to the expenses incurred pursuant to their

partnership profit split, Plaintiff paid one hundred percent (100%) of the rent for

the warehouse utilized by Defendant during his work on behalf of Pacific Atlantic

Lines Georgia until May 2008. After May 2008, Plaintiff paid fifty percent (50%)

of the aforementioned rent. Plaintiff purchased all computers, IT hardware, and all

5

other equipment for Pacific Atlantic Lines Georgia until May 2008. After May 2008, Plaintiff paid for fifty percent (50%) of all computers, IT hardware, and all other equipment.

14.

Without the knowledge or approval of Plaintiff, Defendant incorporated Pacific Atlantic Lines Georgia under his name in the State of Georgia in 2006.

15.

Without the knowledge or approval of Plaintiff, Defendant acquired a federal license for himself to operate personally Pacific Atlantic Lines Georgia.

16.

Upon information and belief, and without the knowledge or approval of Plaintiff, Defendant has used the name of Pacific Atlantic Lines Georgia, separate and apart from Defendant's business agreement with Plaintiff. Defendant has secured shipments and has attempted to secure shipping contracts on behalf of Pacific Atlantic Lines Georgia without sharing profits with Plaintiff. Plaintiff has received telephone calls from other shipping carriers and existing customers of Plaintiff regarding actions of Defendant to secure their business for Pacific Atlantic Lines Georgia. Defendant has not shared the profits of such business with Plaintiff.

17.

Upon information and belief, and without the knowledge or approval of Plaintiff, Defendant has increased the shipping rates charged to customers and has added inapplicable charges to invoices for customers of Pacific Atlantic Lines Georgia.

18.

Upon information and belief, and without the knowledge or approval of Plaintiff, Defendant has diverted money belonging to Plaintiff pursuant to the partnership split for his own personal use.

19.

Without the knowledge or consent of Plaintiff, Defendant represented himself as the owner of Pacific Atlantic Lines on the lease for the warehouse utilized by Defendant during his work on behalf of Pacific Atlantic Lines Georgia.

20.

Upon information and belief, Defendant has told existing customers of Plaintiff and other parties that Plaintiff has engaged in improper business practices.

21.

Defendant's actions have created confusion as to whether Plaintiff has authorized the actions of Defendant and Pacific Atlantic Lines Georgia, and has caused harm to the name, reputation, and goodwill of Plaintiff.

22.

In a letter of March 3, 2009, Plaintiff gave Defendant notice of the foregoing confusion and harm. Additionally, Plaintiff demanded that Defendant take all steps necessary to cease Defendant's use of the marks Pacific Atlantic Lines and Pacific Atlantic Lines Georgia. Defendant has failed to comply with said demand.

23.

Upon information and belief, Defendant, at all times relevant hereto engaged in, participated in and/or directed or authorized the unlawful conduct that forms the bases for the causes of action set forth herein.

## COUNT I – INFRINGEMENT OF THE TRADEMARK UNDER FEDERAL LAW

24.

Plaintiff repeats and realleges each and every allegation contained in the foregoing Paragraphs hereof as if fully set forth herein.

25.

Defendant is using marks that reproduce, copy, or colorably imitate one or more of Plaintiff's marks in connection with the sale, offering for sale, distribution or advertising of goods and services.  Such use constitutes a use in commerce, and is likely to cause confusion or mistake or to deceive Plaintiff's customers or potential customers into believing that Defendant's actions are licensed, sponsored, approved by or affiliated with Plaintiff.  Such unauthorized use infringes Plaintiff's rights in its trademarks, and is therefore in violation of section 43(a) of the Trademark Act of 1946, 15 U.S.C.  § 1125(a).

26.

Defendant's aforesaid conduct has caused and will continue to cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's trademarks.

27.

Plaintiff has no adequate remedy at law and will continue to be irreparably injured unless and until Defendant's conduct is permanently enjoined by this Court.

## COUNT II – INFRINGEMENT OF THE TRADEMARK UNDER STATE LAW

28.

Plaintiff repeats and realleges each and every allegation contained in the foregoing Paragraphs hereof as if fully set forth herein.

29.

Defendant is using marks that reproduce, copy, or colorably imitate one or more of Plaintiff's marks in connection with the sale, offering for sale, distribution or advertising of goods and services. Such use constitutes a use in commerce, and is likely to cause confusion or mistake or to deceive customers or potential customers into believing that Defendant's actions are licensed, sponsored, approved by or affiliated with Plaintiff. Such unauthorized use infringes Plaintiff's rights in its trademarks, and is therefore in violation of the common law of the State of Georgia.

30.

Defendant's aforesaid conduct has caused and will continue to cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's trademarks.

10

31.

Plaintiff has no adequate remedy at law and will continue to be irreparably injured unless and until Defendant's conduct is permanently enjoined by this Court.

## COUNT III – FEDERAL UNFAIR COMPETITION

32.

Plaintiff repeats and realleges each and every allegation contained in the foregoing Paragraphs hereof as if fully set forth herein.

33.

Defendant is using trademarks that reproduce, copy, or colorably imitate Plaintiff's trademarks in connection with the sale, offering for sale, distribution or advertising of goods and services. Such use is an attempt to encroach upon Plaintiff's business by use of a similar mark, with the intention of deceiving and misleading the public. Upon information and belief, Defendant's actions are willful and intentional, and are likely to confuse the public, dilute Plaintiff's trademarks, and injure Plaintiff's business reputation. These actions by Defendant constitute unfair competition against Plaintiff and are in violation of section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

11

34.

Defendant's aforesaid conduct has caused and will continue to cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's trademarks.

35.

Plaintiff has no adequate remedy at law and will continue to be irreparably injured unless and until Defendant's conduct is permanently enjoined by this Court.

## **COUNT IV – FALSE ADVERTISING UNDER FEDERAL LAW**

36.

Plaintiff repeats and realleges each and every allegation contained in the foregoing Paragraphs hereof as if fully set forth herein.

37.

Defendant uses false and/or misleading descriptions of facts or representations of fact in commerce in connection with goods or services and in commercial advertising and/or promotion. Defendant's descriptions and/or representations misrepresent the nature, characteristics, qualities, and origin of Defendant's goods, services, and/or commercial activities.

38.

Upon information and belief, Defendant has made the false and/or deceptively misleading statements with full knowledge of their falsity and/or their deceptively misleading character, and Defendant has done so willfully, to Defendant's profit and to Plaintiff's damage.

39.

Defendant's false and/or deceptively misleading representations have deceived the public, and, upon information and belief, have influenced purchasing decisions of customers.

40.

The above-described conduct of Defendant constitutes false advertising within the meaning of section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

41.

Defendant's aforesaid conduct has caused and will continue to cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's trademarks.

42.

Plaintiff has no adequate remedy at law and will continue to be irreparably injured unless and until Defendant's conduct is permanently enjoined by this Court.

## COUNT V – UNFAIR COMPETITION UNDER STATE COMMON LAW

43.

Plaintiff repeats and realleges each and every allegation contained in the foregoing Paragraphs hereof as if fully set forth herein.

44.

The above-described conduct of Defendant constitutes unfair competition under the common law of the State of Georgia.

45.

Defendant's aforesaid conduct has caused and will continue to cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's trademarks.

46.

Plaintiff has no adequate remedy at law and will continue to be irreparably injured unless and until Defendant's conduct is permanently enjoined by this Court.

## COUNT VI – FALSE ADVERTISING UNDER STATE COMMON LAW

47.

Plaintiff repeats and realleges each and every allegation contained in the foregoing Paragraphs hereof as if fully set forth herein.

48.

The above-described conduct of Defendant constitutes false advertising under the common law of the State of Georgia.

49.

Defendant's aforesaid conduct has caused and will continue to cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's trademarks.

50.

Plaintiff has no adequate remedy at law and will continue to be irreparably injured unless and until Defendant's conduct is permanently enjoined by this Court.

## COUNT VII – DECEPTIVE TRADE PRACTICE UNDER STATE STATUTORY LAW

51.

Plaintiff repeats and realleges each and every allegation contained in the foregoing Paragraphs hereof as if fully set forth herein.

15

52.

Defendant is using a phrase that reproduces, copies, or colorably imitates Plaintiff's trademarks in connection with the sale, offering for sale, distribution or advertising of goods and services. Such use constitutes a use in commerce, and causes (1) the likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, and (2) the likelihood of confusion or misunderstanding as to affiliation, connection, or association with or certification by Plaintiff. Such conduct constitutes a deceptive trade practice under O.C.G.A. §§ 10-1-370 *et seq.*, and specifically § 10-1-372.

## COUNT VIII – BREACH OF FIDUCIARY DUTY UNDER STATE LAW

53.

Plaintiff repeats and realleges each and every allegation contained in the foregoing Paragraphs hereof as if fully set forth herein.

54.

Defendant is a partner in a de facto partnership with Plaintiff and, as such, owes fiduciary duties to Plaintiff.

55.

Defendant has acted in bad faith in violating his fiduciary duties by the following:

- Incorporating Pacific Atlantic Lines Georgia, Inc., without Plaintiff's knowledge or approval;

- Licensing himself to operate personally Pacific Atlantic Lines Georgia, without Plaintiff's knowledge or approval;

- Taking a wrongful percentage of the partnership profits, and appropriating for his own use the prosperity of the partnership without adequate compensation to Plaintiff;

- Excluding Plaintiff wrongfully from the partnership and its business opportunities; and

- Misrepresenting himself as the sole owner of Pacific Atlantic Lines Georgia.

56.

Through his acts, Defendant has violated O.C.G.A. § 14-8-20, Duty of Partners to Render Information, which provides:

Partners shall render, to the extent the circumstances render it just and reasonable, true and full information of all things affecting the partners to any partner.

57.

Through his acts, Defendant has violated O.C.G.A. § 14-8-21, Partner

Accountable as Fiduciary, which provides:

> Every partner must account to the partnership for any benefit, and
> hold as trustee for it any profits derived by him without the consent of
> the other partners from any transaction connected with the formation,
> consent, or liquidation of the partnership or from any use by him of its
> property.

58.

Through his acts, Defendant has violated O.C.G.A. § 14-8-26, Partner's

Interest in Partnership, which provides:

> A partner's interest in the partnership is his share of the profits and
> surplus.

59.

Through his acts, Defendant has violated O.C.G.A. § 23-2-58, Confidential

Relations, which provides:

> Any relationship shall be deemed confidential, whether arising from
> nature, created by law, or resulting from contracts, where one party is
> so situated as to exercise a controlling influence over the will,
> conduct, and interest of another or where, from a similar relationship
> of mutual confidence, the law requires the utmost good faith, such as
> the relationship between partners, principal and agent, etc.

60.

As a result of Defendant's breach of his fiduciary duties as described above, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT IX – ACCOUNTING UNDER STATE LAW

61.

Plaintiff repeats and realleges each and every allegation contained in the foregoing Paragraphs hereof as if fully set forth herein.

62.

Defendant has wrongfully excluded Plaintiff from the partnership business and possession of its property and business opportunities, entitling Plaintiff to a formal accounting as to partnership affairs pursuant to O.C.G.A. § 14-8-22:

Any partner shall have the right to a formal accounting as to partnership affairs:

(1) If he is wrongfully excluded from the partnership business;
. . .
(3) If the right exists under Code Section 14-8-21; or
(4) Whenever other circumstances render it just and reasonable.

19

## COUNT X – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS UNDER STATE LAW

63.

Plaintiff repeats and realleges each and every allegation contained in the foregoing Paragraphs hereof as if fully set forth herein.

64.

Defendant has, intentionally, improperly, and without privilege, interfered with Plaintiff's contracts with its customers by contacting Plaintiff's customers and inciting and instigating them to engage in business relationships with Defendant.

65.

Defendant at all times relevant herein was aware of the existence of Plaintiff's contracts and business relationships with Plaintiff's customers, and with that knowledge and with the intention to tortiously interfere with such contracts and relationships, took actions to do so through improper conduct.

66.

As a result of Defendant's tortious conduct described above, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT XI – SLANDER

### 67.

Plaintiff repeats and realleges each and every allegation contained in the foregoing Paragraphs hereof as if fully set forth herein.

### 68.

Defendant has falsely and maliciously defamed Plaintiff.

### 69.

Defendant has uttered or spoken false and malicious words regarding Plaintiff.

### 70.

Defendant's slander of Plaintiff related to Plaintiff's commercial reputation, and as such constitutes slander and slander per se.

### 71.

Defendant's slander of Plaintiff has caused damage to Plaintiff in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pacific Atlantic Lines, Inc. prays that:

    (a)    The Court enters judgment that:

(1)    Defendant has infringed the marks of Pacific Atlantic Lines, Inc. and Pacific Atlantic Lines Georgia, Inc. in violation of 15 U.S.C. § 1125 and the common law of the State of Georgia;

(2)    Defendant has engaged in unfair competition, in violation of 15 U.S.C. § 1125 and the common law of the State of Georgia;

(3)    Defendant has engaged in false advertising, in violation of 15 U.S.C. § 1125 and the common law of the State of Georgia;

(4)    Defendant has engaged in deceptive trade practices, in violation of O.C.G.A. §§ 10-1-370, *et seq.*;

(5)    Defendant has breached his fiduciary duties owed to Plaintiff in violation of the common and statutory law of the State of Georgia;

(6)    Defendant must provide a true and accurate accounting to Plaintiff in accordance with the statutory law of the State of Georgia;

(7)    Defendant has tortiously interfered with Plaintiff's business relationships in violation of the common law of the State of Georgia; and

(8)    Defendant has slandered Plaintiff in violation of the common law of the State of Georgia.

(b)    Plaintiff recover such amounts as proven at trial from Defendant under all Counts, together with pre-judgment interest;

(c)    The Court issue a preliminary and permanent injunction enjoining Defendant and his agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms or corporations in active concert or participation with said Defendant from:

(1)    Engaging in the conduct complained of herein;

(2)    Representing or implying to anyone that Defendant is in any way affiliated with, associated with, or endorsed by Plaintiff;

(3)    Using the phrases "Pacific Atlantic Lines," "Pacific Atlantic Lines Georgia," or any similar phrase in any way in connection with goods or services; or

(4)    Otherwise competing unfairly with Plaintiff.

(d)    Plaintiff recover punitive damages from Defendant in an amount to be proven at trial, because Defendant's conduct constitutes willful conduct, malice, wantonness, oppression and the entire want of care which raises the presumption of conscious indifference to consequences;

(e)    Plaintiff recover its reasonable attorneys' fees from Defendant; and

(f)    The Court award Plaintiff such other and further relief as the Court

may deem just and proper.

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Pacific Atlantic Lines, and requests a trial by jury in

the above-styled action.

Respectfully submitted this 6th day of March, 2009.

WARGO & FRENCH LLP

Joseph D. Wargo
Georgia Bar No. 738764
Samantha A. DiPolito
Georgia Bar No. 203011

1170 Peachtree Street, NE
Suite 2020
Atlanta, GA  30309
Phone:  (404) 853-1500
Fax:  (404) 853-1501
jwargo@wargofrench.com
sdipolito@wargofrench.com

*Attorneys for Plaintiff*

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 6th day of March, 2009.

WARGO & FRENCH LLP

Joseph D. Wargo
Georgia Bar No. 738764
Samantha A. DiPolito
Georgia Bar No. 203011

1170 Peachtree Street, NE
Suite 2020
Atlanta, GA 30309
Phone: (404) 853-1500
Fax: (404) 853-1501
jwargo@wargofrench.com
sdipolito@wargofrench.com

*Attorneys for Plaintiff*

612943_1